**LOKER LAW, APC**
Matthew M. Loker, Esq. (279939)
matt.loker@loker.law
Telephone: (805) 994-0177
Nicholas J. Enns, Esq. (356855)
nick.enns@loker.law
Telephone: (805) 222-0406
132 Bridge Street
Arroyo Grande, CA 93420

*Attorneys for Plaintiffs*,
Ashna Paul & Atul Paul

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ASHNA PAUL; AND, ATUL PAUL,**<br><br>Plaintiffs,<br><br>**v.**<br><br>**COLUMBIA DEBT RECOVERY, LLC DBA GENESIS; AND, GREYSTAR REAL ESTATE PARTNERS, LLC,**<br><br>Defendants. | **Case No.: 2:25-cv-01155-JGB-SKx**<br><br>**SECOND AMENDED COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>**I. FAIR CREDIT REPORTING ACT;**<br><br>**II. CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT;**<br><br>**III. FAIR DEBT COLLECTION PRACTICES ACT; AND,**<br><br>**IV. ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**JURY TRIAL DEMANDED** |

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

3. ASHNA PAUL ("Ashna Paul") and ATUL PAUL ("Atul Paul") (jointly as "Plaintiffs"), by Plaintiffs' attorneys, brings this action to challenge the actions of COLUMBIA DEBT RECOVERY, LLC DBA GENESIS ("Genesis"); and, GREYSTAR REAL ESTATE PARTNERS, LLC ("Greystar") with regard to attempts by Genesis to unlawfully and abusively collect a fraudulent debt from Plaintiffs, inclusive of inaccurate credit reporting to, and by, the Credit Bureaus and this conduct caused Plaintiffs damages.
4. Plaintiffs makes these allegations on information and belief, with the exception of those allegations that pertain to a Plaintiffs, or to a Plaintiffs' counsel, which Plaintiffs alleges on personal knowledge.
5. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.
6. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.
7. Any violations by each Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.
8. Unless otherwise indicated, the use of a Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants' named.

## JURISDICTION AND VENUE

9. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331; 15 U.S.C. § 1692k; 15 U.S.C. § 1681p, and, 28 U.S.C. § 1367 for supplemental state claims.

///

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

10. This action arises out of Defendants' violations of (i) Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. ("FCRA"); (ii) the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.1, et seq. ("CCCRAA"); (iii) the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"); and, (iv) the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, et seq. ("RFDCPA").

11. Because Defendants conduct business within the State of California, personal jurisdiction is established.

12. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Ashna Paul resided in Los Angeles and Atul Paul resides in Irvine; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendants conducted business within this judicial district at all times relevant.

**PARTIES**

13. Plaintiffs are natural persons who resided, or resides, in California from whom various furnishers sought to collect a consumer debt which was alleged to be due and owing from Plaintiffs.

14. In addition, Plaintiffs are each a "consumer" as that term is defined by Cal. Civ. Code § 1785.3(c); and, 15 U.S.C. § 1692a(3).

15. Genesis is a debt collections agency headquartered in the State of Georgia.

16. Genesis is a furnisher of information as contemplated by FCRA sections 1681s-2(b), that regularly and in the ordinary course of business furnish information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

17. Equifax is a corporation located in the State of Georgia.

18. Experian is a corporation located in the State of California.

19. Trans Union is a corporation located in the State of Pennsylvania.

20. Greystar is a company located in the State of South Carolina.

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

21. Plaintiffs are informed and believe, and thereon allege, that Greystar, in the ordinary course of business, regularly, on behalf of itself or others, engages in "debt collection" and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c).
22. Equifax, Experian, and Trans Union are both a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f); and, a "consumer credit reporting agency" as defined by Cal. Civ. Code § 1785.3(d).
23. Plaintiffs are informed and believe, and thereon allege, that Genesis, in the ordinary course of business, regularly, on behalf of themselves or others, engage in "debt collection" and is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).
24. Defendants are also each a "person" as that term is defined by Cal. Civ. Code § 1785.3(j).
25. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by 15 U.S.C. § 1692a(5).
26. The causes of action herein also pertain to Plaintiffs' "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(d), in that inaccurate representations of Plaintiffs' credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiffs' eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

///

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

## FACTUAL ALLEGATIONS

27. At all times relevant, Plaintiffs are individuals residing within the State of California.

28. On May 18, 2020, Ashna Paul received email confirmation that her lease with Tuscany Apartments (3700 South Figueroa Street, Apt 319A, Los Angeles, CA 90007) was not being renewed and would terminate July 31, 2020.

29. Atul Paul was listed as the Guarantor on the Tuscany Apartment lease as Ashna Paul was a college student at the time, being the resident of the apartment, and Atul Paul is her father being a signatory on the lease.

30. Though the lease termination was confirmed by Tuscany Management via email, communications continued to be sent to Ashna Paul requesting payment for the above reference apartment which she had already vacated.

31. Ashna Paul sent Tuscany Management six separate emails regarding the issue throughout July, August, and September of 2020; none of which were replied to by any Tuscany representative(s). On each email, Ashna Paul listed both her name as the "Resident" and Atul Paul listed as the "Guarantor."

32. Ashna Paul dutifully vacated her apartment with Tuscany in July prior to her lease expiring on July 31, 2020.

33. Ashna Paul's final attempt to communicate with Tuscany was sent to Loni Sarhad on March 30, 2021. Ashna Paul, nor Atul Paul, ever received any response from Tuscany and Plaintiffs assumed the issue was resolved as all of Ashna Paul's and Atul Paul's contractual and legal obligations were fulfilled and satisfied.

34. Unbeknownst to Plaintiffs, on July 29, 2021, Greystar internally generated a Move Out Statement of Charges for Ashna Paul's vacated unit at Tuscany (Account #79383310), reflecting an alleged balance of $27,130.00 attributable to charges, late fees, and utilities for the post-vacate period.

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

35. On August 24, 2021, Ashna Paul again e-mailed Tuscany Management and Greystar's Receivables Department disputing the alleged Move Out Statement and re-attaching her prior dispute correspondence. Greystar received and acknowledged the dispute internally on November 24, 2021, when Greystar's Customer Care Specialists Helen O'Crotty and Jessica Flores-Chavez forwarded Plaintiff's "dispute letter from Ashna Paul" among Greystar's Receivables team members — but Greystar never substantively responded to Ashna Paul, never corrected the alleged charges, and never withdrew the alleged debt.

36. Despite the various disputing communications with Tuscany Management, moving out by the scheduled date, and mailing her keys to the appropriate Tuscany Management address, on April 19, 2024, Ashna Paul was shocked to receive a text message from a debt collector agent hired by Genesis regarding her past tenancy at Tuscany Apartments.

37. Tuscany had turned over the disputed lease account to Genesis to collect the mistaken unpaid balance of $27,998.90.

38. As a result of this debt transfer from Tuscany to Genesis, Genesis sent a text message attempting to collect Ashna Paul's alleged debt. Ashna Paul responded to the text message that she disputes the validity of the debt. These communications constitute "debt collection" as that phrase is defined by Cal. Civ. Code § 1788.2(b).

39. On May 9, 2024, Ashna Paul pulled her credit reports from Equifax, Experian, and Trans Union and was shocked to learn that Genesis had begun hard inquires into her credit on, or around, February 13, 2024, and were reporting the account to be in collections.

40. Around the same time, Atul Paul was equally shocked to discover hard inquiries into his credit by Gensis as well.

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

41. On June 4, 2024, Ashna Paul and Atul Paul each mailed separate disputes to Genesis, Equifax, Experian, and Trans Union regarding the mistaken debt, including appropriate emails and documentation.
42. On June 14, 2024, Ashna Paul received a phone call from Genesis again attempting to collect on the debt.
43. Ashna Paul received an identical automated debt collection call from Genesis one week later, June 21, 2024.
44. On June 25, 2024, Ashna Paul received a form response letter from Experian regarding identity theft and the appropriate remedies. This letter was designated in response to Report #4181-2288-45
45. The very next day, Ashna Paul received the exact same letter from Experian, only difference being it was dated June 26, 2024, and with Report #0020-8820-07.
46. Ashna Paul was disheartened on June 27, 2024, when she received a validation and collections email from Genesis informing her the debt was valid, the total due was now $28,357.91, and that carried with it an annual interest rate of 7%.
47. On June 28, 2024, Atul Paul received a letter from Equifax stating the Genesis debt was verified as accurate on his credit report.
48. On information and belief, each time Columbia Debt Recovery contacted Greystar to validate the alleged debt, Greystar verified the debt as accurate — despite knowing or having reason to know that Plaintiffs had vacated the apartment on or before July 31, 2020, that Plaintiffs had repeatedly disputed the alleged charges in writing, and that the alleged Move Out Statement consisted entirely of post-vacate charges that were not legally owed.

///

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

49. Greystar's repeated "verifications" of the alleged debt to Genesis caused Genesis to continue collection efforts against Plaintiffs and to continue furnishing the inaccurate tradeline to Equifax, Experian, and Trans Union, thereby perpetuating Plaintiffs' injuries.
50. Again, on July 1, 2024, Ashna Paul received another automated debt collection call from Genesis.
51. On July 2, 2024, Ashna Paul received two emails from Genesis. One sent at 10:20 A.M. which stated Genesis needed more information to process her dispute. The next Genesis email came only one minute later, at 10:21 A.M., stating the debt was validated.
52. On July 9, 2024, Ashna Paul received another email from Genesis offering Price Reduction & Offer of Settlement.
53. Wondering how, or when, this saga with Genesis would end, on July 11, 2024, Ashna Paul received yet another call from Genesis attempting to collect on the debt.
54. On July 12, 2024, Ashna Paul received dispute results from Experian verifying that the Genesis tradeline was accurate.
55. On July 15, 2024, Ashna Paul received a call from a collection agent named Crystal, who was hired by Genesis to collect on the invalid debt.
56. On July 31, 2024, Ashna Paul received a text from a different debt collecting agent hired by Genesis, attempting to collect on the debt at issue.
57. The situation seemed seemingly hopeless on September 18, 2024 when Ashna Paul received her dispute results from Trans Union showing the Genesis tradeline verified as accurate.
58. Genesis was required to conduct a reasonable reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. § 1681s-2(b)(1)(A).

59. The Credit Bureaus were also required to conduct their own reasonable reinvestigations into this specific account on Plaintiffs' consumer reports pursuant to 15 U.S.C. §1681i.

60. To date, the Genesis debt appears on Ashna Paul's Equifax, Experian, and Trans Union credit reports. Also, the Genesis debt appears on Atul Paul's Equifax, Experian, and Trans Union credit reports.

61. Genesis submits inaccurate credit information regarding Plaintiffs to the Credit Bureaus every thirty days.

62. The Credit Bureaus did not provide notice to Plaintiffs that Plaintiffs' disputes were "frivolous or irrelevant," pursuant to 15 U.S.C. § 1681i(a)(3).

63. Defendants' investigations were unreasonable.

64. More specifically, Genesis should have discovered from Genesis' own records, including Plaintiffs' multiple disputes, that the information being reported was inaccurate and materially misleading since Plaintiffs provided information showing that Plaintiffs' Tuscany Apartments debt was not owed.

65. Plaintiffs contend that it was unreasonable for Defendants to not contact Plaintiffs for further information if needed; and, to not contact Tuscany Apartments.

66. Accordingly, Genesis failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A) by failing to remove all the disputed and incorrect information.

67. Genesis failed to review all relevant information provided by Plaintiffs in the dispute to the Credit Bureaus, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

///

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

68. Due to Genesis' failure to reasonably investigate, Genesis further failed to correct and update Plaintiffs' information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

69. By inaccurately reporting account information after notice and confirmation of its errors, Genesis failed to take appropriate measures as required by 15 U.S.C. § 1681s-2(b)(1)(D); and, (E).

70. Through this conduct, Genesis violated Cal. Civ. Code § 1785.25(a) by furnishing information to consumer reporting agencies that Genesis knew or should know was inaccurate.

71. Equifax, Experian, and Trans Union also failed to conduct reasonable investigations with respect to the disputed information as required by 15 U.S.C. §1681i.

72. Plaintiffs' continued efforts to correct Defendants' erroneous and negative reporting by communicating Plaintiffs' dispute with the Credit Bureaus were fruitless.

73. As if the date of this filing, Defendants have rejected each of Plaintiffs' disputes regarding the invalid debt.

74. Defendants continued inaccurate and negative reporting of the inaccurate information to Plaintiffs' credit report in light of Defendants' knowledge of the actual error was willful.

75. Defendants continued inaccurate and negative reporting of the inaccurate information to Plaintiffs' credit report in light of Defendants' knowledge of the actual error was reckless.

76. Defendants' failure to correct the inaccuracies on Plaintiffs' credit reports was intentional and in reckless disregard of Defendants' duty to refrain from reporting inaccurate information.

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

77. Accordingly, Defendants willfully and negligently failed to comply with Defendants' respective duties to reasonably investigate Plaintiffs' dispute.
78. Defendants' inaccurate and negative reporting damaged Plaintiffs' creditworthiness.
79. Defendants' conduct has caused Plaintiffs emotional distress.
80. Plaintiffs have spent countless hours disputing this inaccurate information with Defendants in an attempt to provide any and all information needed for the investigations.
81. While Plaintiffs were thorough in Plaintiffs' disputes at all times, each Defendant merely responded with form letters that failed to take into account any of the specifics identified in Plaintiffs' disputes.
82. Plaintiffs' anxiety; frustration; stress; lack of sleep; nervousness; anger; and, embarrassment continues to this day because this large delinquency mischaracterizes Plaintiffs as individuals that avoid financial obligations and significantly harms Plaintiffs' respective credit scores.
83. Despite Plaintiffs' repeated attempts, Defendants continue to report an invalid debt to Plaintiffs' credit report.
84. As a direct and proximate result of Defendants' willful action and inaction, Plaintiffs have suffered actual damages, including, but not limited to, reviewing credit reports, preparing and mailing dispute letters, attorneys' fees, loss of credit, loss of ability to purchase and benefit from credit, increased costs for credit, mental and emotional pain and anguish, and humiliation and embarrassment of credit denials. Plaintiffs have further spent countless hours and suffered pecuniary loss in attempting to correct Defendants' inaccurate and derogatory information, without success.

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

85. In terms of pecuniary loss, Ashna Paul and her husband did not even attempt to purchase a new car as a result of this derogatory credit information and inability to obtain a favorable auto loan interest rates.

86. For the same reason, Atul Paul toured homes in Tennessee, so as to be closer to family, but chose not to make the move due to inability to obtain favorable mortgage interest rates.

87. Based upon the discussion above, Plaintiffs contend that punitive damages are available to Plaintiffs.

88. Similarly, Experian and Trans Union also received documents in connection with Ashna Paul's disputes that directly contradicted the inaccurate credit reporting.

89. Also, Equifax received documents in connection with Atul Paul's disputes that directly contradicted the inaccurate credit reporting.

90. These documents should have caused Equifax, Experian, and Trans Union to remove the inaccurate information from Plaintiffs' credit reports.

91. By intentionally reporting continuing obligations, Equifax, Experian, and Trans Union acted in conscious disregard for Plaintiffs' rights.

92. To report an ongoing obligation despite the invalid nature of this account shows that Defendants took action involving an unjustifiably high risk of harm that was either known or so obvious that it should be known.

93. Through this conduct, Genesis violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representations in connection with the collection of Plaintiffs' alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Genesis violated Cal. Civ. Code § 1788.17.

///

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

94. Through this conduct, Genesis violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, and legal status of the fraudulent debt in connection with the collection of the fraudulent debt from Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Genesis violated Cal. Civ. Code § 1788.17.

95. Through this conduct, Genesis violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect the fraudulent debt from Plaintiffs. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Genesis violated Cal. Civ. Code § 1788.17.

96. Through this conduct, Genesis violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect the fraudulent debt from Plaintiffs. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Genesis violated Cal. Civ. Code § 1788.17.

97. Through this conduct, Genesis violated 15 U.S.C. § 1692f(1) by collecting an amount not expressly authorized by the agreement creating the debt or permitted by law. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Genesis violated Cal. Civ. Code § 1788.17.

98. Through this conduct by sending the letter, Genesis violated 15 U.S.C. § 1692e; 1692e(2)(A) and §); 1692e(10).); 1692f; 1692f(1) as well as Cal. Civ. Code § 1788.17 for the reasons outlined above.

99. Genesis' attempt to collect an invalid debt from Plaintiffs constitutes a violation of 15 U.S.C. § 1692f and § 1692f(1).

///

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

100. Through Greystar's conduct in repeatedly "verifying" the alleged debt as accurate to Genesis — despite Plaintiffs' multiple disputes and the fact that Plaintiffs had vacated the apartment on or before July 31, 2020 — Greystar violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representations in connection with the collection of Plaintiffs' alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Greystar violated Cal. Civ. Code § 1788.17.

101. Through this conduct, Greystar violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, and legal status of the fraudulent debt in connection with the collection of the fraudulent debt from Plaintiffs. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Greystar violated Cal. Civ. Code § 1788.17.

102. Through this conduct, Greystar violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect the fraudulent debt from Plaintiffs. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Greystar violated Cal. Civ. Code § 1788.17.

103. Through this conduct, Greystar violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect the fraudulent debt from Plaintiffs. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Greystar violated Cal. Civ. Code § 1788.17.

104. Through this conduct, Greystar violated 15 U.S.C. § 1692f(1) by "verifying" an amount not expressly authorized by the agreement creating the debt or permitted by law. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Greystar violated Cal. Civ. Code § 1788.17.

105. Since Plaintiffs' efforts to be absolved of the invalid debt were unsuccessful, Plaintiffs were required to bring this action to finally resolve Plaintiffs' remaining disputes.

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

106. As a result of the inaccurate credit reporting, Plaintiffs have suffered damages, including, but not limited to:
   a. Monies lost by attempting to fix their credit;
   b. Loss of time;
   c. Loss of credit opportunities;
   d. Inability to obtain an affordable home line of credit to purchase a home;
   e. Inability to an affordable line of credit to purchase an automobile for Ashna Paul and her husband;
   f. Also, for Ashna Paul, inability to move from current residence to take advantage of favorable potential job opportunities as ability to rent a new residence with such a negative mark on credit history is doubtful.
   g. Mental anguish, stress, aggravation, and other related impairments to the enjoyment of life.
   h. All conditions precedent to the filing of this action have occurred.

## CAUSES OF ACTION CLAIMED BY PLAINTIFFS

## COUNT I

## VIOLATION OF THE FAIR CREDIT REPORTING ACT

## 15 U.S.C. §§ 1681-1681X (FCRA)

## [AGAINST GENESIS]

107. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

108. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

109. As a result of each and every negligent violation of the FCRA, Plaintiffs are entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2), from each Defendant.

110. As a result of each and every willful violation of the FCRA, Plaintiffs are entitled to actual damages or damages of not less than $100 and not more than $1,000 and such amount as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from each Defendant.

**COUNT II**

**VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT**

**CAL. CIV. CODE § 1785.1, ET SEQ.**

**[AGAINST GENESIS]**

111. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

112. The foregoing acts and omissions constitute numerous and multiple violations of the California Consumer Credit Reporting Agencies Act.

113. In the regular course of its business operations, Furnishers routinely furnish information to credit reporting agencies pertaining to transactions between the Furnishers and the Furnishers' consumers, so as to provide information to a consumer's credit worthiness, credit standing and credit capacity.

114. Because the Furnishers are a partnership, corporation, association, or other entity, and are therefore each a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), the Furnishers are and always were obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should have known that the information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a).

///

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

115. Since the Defendants received all documents required to determine the inaccuracy of the Genesis' reporting, Genesis should have known to update said reporting.

116. Genesis also should have determined that the Genesis's reporting was inaccurate through review of their own account notes and records.

**COUNT III**

**VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

**CAL. CIV. CODE §§ 1788-1788.32 (RFDCPA)**

**[AGAINST GENESIS AND GREYSTAR]**

117. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

118. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

119. As a result of each and every violation of the RFDCPA, Plaintiffs are entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant individually.

**COUNT IV**

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. §§ 1692-1692(P) (FDCPA)**

**[AGAINST GENESIS]**

120. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

121. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

122. As a result of each and every violation of the FDCPA, Plaintiffs are entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant individually.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray that judgment be entered against each Defendant for:

- An award of actual damages, in an amount to be determined at trial or damages of a maximum of $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A), against Defendants for each incident of willful noncompliance of the FCRA;
- An award of punitive damages, as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2), against Defendants for each incident of willful noncompliance to the FCRA;
- An award for costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), against Defendants for each incident of negligent noncompliance of the FCRA;
- An award of actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681o(a)(1) against Defendants for each incident of negligent noncompliance of the FCRA;
- An award of costs and litigation and reasonable attorney's fees pursuant 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(a)(2) against Defendants for each incident of noncompliance of the FCRA;

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a)(2)(A), against each named Defendants individually;
- Award of attorneys' fees and costs pursuant to Cal. Civ. Code § 1785.31(a)(1); and, Cal. Civ. Code § 1785.31(d) against each named Defendants individually;
- An award of punitive damages of $100-$5,000 per willful violation of Cal. Civ. Code § 1785.25(a), pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);
- Punitive damages according to proof as to the FCRA; and, CCCRAA;
- For equitable and injunctive relief pursuant to Cal. Civ. Code § 1785.31(b);
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against each named Defendant individually;
- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against each named Defendant individually;
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against each named Defendant individually;
- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against Defendants;
- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendants;
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against Defendants;
- Any and all other relief the Court deems just and proper.

///

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

**TRIAL BY JURY**

123. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demands, a trial by jury.

Dated: June 5, 2026

Respectfully submitted,

**LOKER LAW, APC**

By: ___/s/ Matthew M. Loker___
MATTHEW M. LOKER, ESQ.
ATTORNEY FOR PLAINTIFF